UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

In re:

**Charles E Price**

Debtor.

Case No.: 16-20335
Chapter 13
Judge Jacqueline P. Cox
* * * * * * * * * * * * * * * * * * * *

## AGREED ORDER RESOLVING MOTION FOR RELIEF FROM STAY AS TO REAL PROPERTY LOCATED AT 17112 S. CALIFORNIA AVENUE, HAZEL CREST, IL 60429

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #30) which was filed in this court by Citibank, N.A., as Trustee on behalf of the NRZ Pass-Through Trust VI ("Movant"), by and through its mortgage servicing agent Select Portfolio Servicing, Inc., Movant and Charles E Price ("Debtor"), by and through his attorneys have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant;

Debtor has failed to make regular monthly mortgage payments to Movant and is currently in default for the months of February 2017 through March 2017, incurring a total post-petition arrearage of $2,891.52, which consists of 2 post-petition payments for February 1, 2017 through March 1, 2017 at $930.26 each, and attorney fees and costs of $1,031.00. There is $598.28 in suspense, which reduces the total post-petition arrearage to $2,293.24.

**IT IS HEREBY ORDERED:**

1.  In order to eliminate said post-petition delinquency, Movant must receive the following payments by the corresponding dates:

    a.   $382.21 on or before April 20, 2017;

    b.   $382.21 on or before May 20, 2017;

    c.   $382.21 on or before June 20, 2017;

    d.   $382.21 on or before July 20, 2017;

    e.   $382.20 on or before August 20, 2017;

    f.   $382.20 on or before September 20, 2017.

1

16-024653_CJP

2. That Movant must receive the payments listed on Paragraph #1 on or before the corresponding date. If Movant fails to receive any one scheduled payment, the repayment schedule is void and if the Debtor fails to bring the loan post-petition current within ~~ten~~ fourteen (1~~0~~4) calendar days after mailing notification to the Debtor and his/her attorney, the stay shall be automatically terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property, upon filing notice of same with the clerk of the court. [TR pp]

3. Upon completion of the repayment schedule listed in Paragraph #1 or tender of sufficient funds to bring the loan post-petition current, the Debtor must continue to make timely post-petition mortgage payments directly to Movant.

4. If Movant fails to receive two (2) post-petition monthly mortgage payments and if the Debtor fails to bring the loan post-petition current within ~~ten~~ fourteen (1~~0~~4) calendar days after Movant mailed notification to the Debtor and his/her attorney, the stay shall be automatically terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property, upon filing notice of the same with the clerk of the court.

5. If the Chapter 13 Trustee fails to receive two monthly plan payments and if the Debtor fails to bring his/her plan current within ~~ten~~ fourteen (1~~0~~4) calendar days after Movant mailed notification to the Debtor and his/her attorney, the stay shall be automatically terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property, upon filing notice of same with the clerk of the court.

6. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

7. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

DATED: APR 10 2017

ENTER: *Jacqueline P. Cox*
J. Cox
UNITED STATES BANKRUPTCY JUDGE

**Submitted By:**
Todd J. Ruchman (6271827)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus OH  43216-5028
614-220-5611; Fax 614-627-8181
Attorney for Movant